UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRAINTREE LABORATORIES, INC.,

              Plaintiff,

    v.

GATOR PHARMACEUTICALS, INC.;
KVK-TECH, Inc.

              Defendants.

_____\

Civil Action No.  3:13-cv-00389-TJC-MCR

JURY TRIAL REQUESTED

## PLAINTIFF BRAINTREE LABORATORIES, INC.'S PARTIAL ANSWER TO COUNTERCLAIMS OF DEFENDANTS GATOR PHARMACEUTICALS, INC. AND KVK-TECH, INC.

Pursuant to the Local Rules of this Court and Rules 8 and 12 of the Federal Rules of Civil Procedure, Plaintiff Braintree Laboratories, Inc. ("Braintree") responds to the Counterclaims of Defendants Gator Pharmaceuticals, Inc. ("Gator") and KVK-TECH, Inc. ("KVK") (collectively "Defendants") as follows:

### I.  THE PARTIES

1.      On information and belief, Braintree admits the allegations of paragraph 1.

2.      On information and belief, Braintree admits the allegations of paragraph 2.

3.      Braintree admits the allegations of paragraph 3.

### II.  THE PATENT-IN-SUIT

4.      Braintree admits the allegations of paragraph 4.

### III.  JURISDICTION AND VENUE

5.      Braintree is not required to answer the allegations in paragraph 5 because they set forth legal conclusions.

6.      Braintree admits the allegations of paragraph 6.

7.      Braintree admits the allegations of paragraph 7.

8.      Braintree admits that, by letter dated March 6, 2013 ("Gator Notice Letter"), Gator notified Braintree, pursuant to 21 U.S.C. § 355 (b)(2), that Gator had submitted New Drug Application ("NDA") No. 204553 to the FDA and that the NDA included a Paragraph IV certification related to the '149 patent.  Braintree admits that the Gator Notice Letter included an Offer of Confidential Access to the NDA pursuant to 21 U.S.C. § 355(c)(3)(D)(i)(III).  Braintree admits that the Gator Notice Letter referenced the issue of infringement.  Braintree denies the remaining allegations in paragraph 8.

9.      Braintree admits the allegations of paragraph 9.

10.     Braintree is not required to answer the allegations in paragraph 10 because they set forth legal conclusions.

11.     Braintree is not required to answer the allegations in paragraph 11 because they set forth legal conclusions.

12.     Braintree is not required to answer the allegations in paragraph 12 because they set forth legal conclusions.

## IV. FACTUAL ALLEGATIONS

13.     Braintree admits that the FDA "publishes submitted patents in the Orange Book." The remainder of paragraph 13 sets forth legal conclusions to which no response is required.[1]

14.     Braintree admits the allegations of paragraph 14.

---

[1]      Braintree has filed, concurrently with this Answer, a Motion to Dismiss Defendants' Second Counterclaim for alleged patent misuse.  To the extent that any of the allegations in Paragraphs 13-74 relate solely to the Second Counterclaim, Braintree is not required to answer them at this time.  Braintree otherwise responds to those paragraphs to the extent that they relate to Defendants' other counterclaims.  Braintree reserves its rights to supplement its Answer regarding those paragraphs, and paragraphs 77-81, after the Court rules on Braintree's Motion to Dismiss.

15.     Braintree admits that the FDA approved NDA 22372 on August 5, 2010. Braintree admits that a copy of a product insert approved by the FDA is attached as Exhibit B to Defendants' Answer and Counterclaims, and further states that the copy attached as Exhibit B to Defendants' Answer and Counterclaims states on the first and second pages that it was revised August 2010.  Braintree denies the remaining allegations in paragraph 15.

16.     Braintree admits the allegations of paragraph 16.

17.     Braintree admits the allegations of paragraph 17.

18.     Braintree admits that Table 2 of Braintree's SUPREP® Information states that it "shows the percentages of patients who developed new abnormalities of important electrolytes and uric acid after completing the bowel preparation with either SUPREP Bowel Prep Kit or PEG+E administered as a split-dose (2-day) regimen."   Braintree denies the remaining allegations of paragraph 18.

19.     Braintree admits that Table 2 of Braintree's SUPREP® Information states that it "shows the percentage of patients who developed new abnormalities of important electrolytes and uric acid after completing the bowel preparation with either SUPREP Bowel Prep Kit or PEG+E administered as a split-dose (2-day) regimen."   Braintree further states that anion gap and osmolality are not electrolytes.  Braintree denies the remaining allegations of paragraph 19.

20.     Braintree denies the allegations of paragraph 20.

21.     Braintree denies the allegations of paragraph 21.

22.     Braintree denies the allegations of paragraph 22.

23.     Braintree denies the allegations of paragraph 23.

24.     Braintree denies the allegations of paragraph 24.

25.     Braintree denies the allegations of paragraph 25.

26.     Braintree denies the allegations of paragraph 26.

27.     Braintree denies the allegations of paragraph 27.

28.     Braintree denies the allegations of paragraph 28.

29.     Braintree denies the allegations of paragraph 29.

30.     Braintree denies the allegations of paragraph 30.

31.     Braintree denies the allegations of paragraph 31.

32.     Braintree denies the allegations of paragraph 32.

33.     Braintree denies the allegations of paragraph 33.

34.     Braintree denies the allegations of paragraph 34.

35.     Braintree denies the allegations of paragraph 35.

36.     Braintree denies the allegations of paragraph 36.

37.     Braintree denies the allegations of paragraph 37.

38.     Braintree denies the allegations of paragraph 38.

39.     Braintree denies the allegations of paragraph 39.

40.     Braintree denies the allegations of paragraph 40.

41.     Braintree denies the allegations of paragraph 41.

42.     Braintree denies the allegations of paragraph 42.

43.     Braintree denies the allegations of paragraph 43.

44.     Braintree denies the allegations of paragraph 44.

45.     Braintree denies the allegations of paragraph 45.

## A.  The '149 Patent

46.     Braintree admits the allegations of paragraph 46.

47.     Braintree admits that at column 2, lines 47-51, the '149 patent specification states:

"The terms 'clinically significant' as used herein are meant to convey alterations in blood

4

chemistry that are outside the normal upper or lower limits of their normal range or other untoward effects." Braintree denies the remaining allegations in paragraph 47.

48. Braintree admits that independent claim 2 of the '149 patent includes the language "A composition for inducing purgation of the colon of a patient . . .", as well as the language "wherein the composition does not produce any clinically significant electrolyte shifts . . .". Braintree denies the remaining allegations in paragraph 48.

49. Braintree admits that independent claim 7 of the '149 patent includes the language "A composition for inducing purgation of the colon of a patient . . .", as well as the language "wherein the composition does not produce any clinically significant electrolyte shifts . . .". Braintree denies the remaining allegations in paragraph 49.

50. Braintree admits that independent claim 15 of the '149 patent includes the language "A composition for inducing purgation of the colon of a patient . . .", as well as the language "wherein the composition does not produce any clinically significant electrolyte shifts . . .". Braintree denies the remaining allegations of paragraph 50.

51. Braintree admits that independent claim 18 of the '149 patent includes the language "A composition for inducing purgation of the colon of a patient . . .", as well as the language "wherein the composition does not produce any clinically significant electrolyte shifts . . .". Braintree denies the remaining allegations of paragraph 51.

52. Braintree denies the allegations of paragraph 52.

53. Braintree denies the allegations of paragraph 53.

54. Braintree denies the allegations of paragraph 54.

55. Braintree denies the allegations of paragraph 55.

56.     Braintree admits that the FDA "publishes submitted patents in the Orange Book." The remainder of paragraph 56 are legal conclusions to which no response is required.

57.     Braintree admits that the FDA "publishes submitted patents in the Orange Book." The remainder of paragraph 57 are legal conclusions to which no response is required.

58.     Braintree is not required to answer the allegations in paragraph 58 because they set forth legal conclusions.

59.     Braintree admits that blank copies of FDA Forms 3542 and 3542a are attached to Defendants' Answer and Counterclaims as Exhibit C.  The remainder of the allegations in paragraph 59 are legal conclusions to which no response is required.

60.     Braintree admits that Section 6 of FDA Forms 3542 and 3542a is called "Declaration Certification," and that Section 6.2 of FDA Forms 3542 and 3542a includes the language:  "Authorized Signature of NDA Applicant/Holder or Patent Owner (Attorney, Agent, Representative or other Authorized Official)."  The remainder of the allegations in paragraph 60 are legal conclusions to which no response is required.

61.     Braintree admits that Section 6.1 of FDA Forms 3542 and 3542a includes the language: "The undersigned declares that this is an accurate and complete submission of patent information for the NDA…"  The remainder of the allegations in paragraph 61 are legal conclusions to which no response is required.

62.     Braintree admits that Section 6.1 of FDA Forms 3542 and 3542a includes the language: "Warning: A willfully and knowingly false statement is a criminal offense under 18 U.S.C. 1001."  The remainder of the allegations in paragraph 62 are legal conclusions to which no response is required.

63.     Braintree admits the allegations of paragraph 63.

64.     Braintree admits the allegations of paragraph 64.

65.     Braintree admits the allegations of paragraph 65.

66.     Braintree admits the allegations of paragraph 66.

67.     Braintree admits the allegations of paragraph 67.

68.     Braintree denies the allegations of paragraph 68.

69.     On information and belief, Braintree admits the allegations of paragraph 69.

70.     Braintree admits the allegations of paragraph 70.

71.     Braintree denies the allegations of paragraph 71.

72.     Braintree admits that it is a pharmaceutical company and that it employs in-house and outside counsel to advise it on legal matters, including matters of intellectual property. Braintree denies the remaining allegations of paragraph 72.

73.     Braintree admits that at least certain individuals employed by Braintree are familiar with certain U.S. law governing patents.  The remainder of the allegations in paragraph 73 are legal conclusions to which no response is required.

74.     Braintree denies the allegations of paragraph 74.

## FIRST COUNTERCLAIM
## DELISTING OF THE '149 PATENT

75.     Braintree incorporates by reference and realleges paragraphs 1 through 29 of its Complaint and paragraphs 1 through 74 of this Answer as if set forth here in their entirety.

76.     Braintree denies the allegations of paragraph 76.

## SECOND COUNTERCLAIM
## PATENT MISUSE

77.     Braintree incorporates by reference and realleges paragraphs 1 through 29 of its Complaint and paragraphs 1 through 76 of this Answer as if set forth here in their entirety.

78-81. Braintree has filed a Motion to Dismiss Defendants' Second Counterclaim (incorporated by reference here) concurrently with this Answer; thus, Braintree is not required to answer the allegations of paragraphs 78-81.

### THIRD COUNTERCLAIM
### DECLARATORY JUDGMENT OF NONINFRINGEMENT

82.     Braintree incorporates by reference and realleges paragraphs 1 through 29 of its Complaint and paragraphs 1 through 81 of this Answer as if set forth here in their entirety.

83.     Braintree denies the allegations of paragraph 83.

### FOURTH COUNTERCLAIM
### DECLARATORY JUDGMENT OF INVALIDITY

84.     Braintree incorporates by reference and realleges paragraphs 1 through 29 of its Complaint and paragraphs 1 through 83 of this Answer as if set forth here in their entirety.

85.     Braintree denies the allegations of paragraph 85.

### DEFENDANTS' PRAYER FOR RELIEF

The allegations contained in Defendants' Prayer for Relief do not require a response.  But to the extent that Defendants' Prayer for Relief contains additional factual allegations, Braintree denies them all and denies that Defendants are entitled to any relief from Braintree.

### PRAYER FOR RELIEF

WHEREFORE, Braintree requests that this Court grant the following relief:

A.   An order dismissing Defendants' Counterclaims with prejudice and denying each and every Prayer for Relief sought by Defendants;

B.   An order granting each and every Prayer for Relief sought by Braintree in its Complaint; and

C.  Such further and other relief as this Court deems proper and just, including any appropriate relief under Title 35, including awarding Braintree its attorneys' and experts' fees, and costs of this litigation.

### FIRST AFFIRMATIVE DEFENSE

Defendants' Counterclaims fail to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants have waived all rights to assert their Counterclaims and obtain the relief that they seek.

### THIRD AFFIRMATIVE DEFENSE

Defendants are estopped from asserting their Counterclaims and obtaining the relief that they seek.

### FOURTH AFFIRMATIVE DEFENSE

Braintree reserves all other affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defense, at law or equity, that may now exist or in the future be available based on discovery and further investigation in this case.  Braintree further reserves the right to amend its Answer and/or affirmative defenses accordingly, and/or to forego affirmative defenses that Braintree determines during the course of discovery are not applicable.

Dated:  November 12, 2013

/s/ John P. Marino
John P. Marino
Florida Bar No.: 0814539
SMITH, GAMBRELL & RUSSELL, LLP
Trial Counsel
50 North Laura Street, Suite 2600
Jacksonville, FL 32202
Telephone:      (904) 598-6104
Facsimile:      (904) 598-6204
Email:            jmarino@sgrlaw.com

                   and

John J. Regan (*admitted pro hac vice*)
Jennifer Brown (*admitted pro hac vice*)
WILMER CUTLER PICKERING
  HALE and DORR LLP
60 State Street
Boston, MA 02109
Telephone:      (617) 526-6000
Facsimile:      (617) 526-5000
Email:            john.regan@wilmerhale.com
Email:            jennifer.brown@wilmerhale.com

Christopher R. Noyes (*admitted pro hac vice*)
WILMER CUTLER PICKERING
  HALE and DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone:      (212) 230-8800
Facsimile:      (212) 230-8888
Email: christopher.noyes@wilmerhale.com

*Attorneys for Plaintiff*
*Braintree Laboratories, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 12, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is also being furnished to counsel of record as identified below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing via the CM/ECF system:

Christopher J. Mueller, Esq.
Reed W. Grimm, Esq.
cjm@taylordaylaw.com
rwg@taylordaylaw.com
Taylor, Day, Grimm & Boyd
50 N Laura St., Suite 3500
Jacksonville, FL 32202

*Attorneys for Defendants/Counterclaim Plaintiffs, Gator Pharmaceuticals, Inc. and KVK-Tech, Inc.*

P. Branko Pejic, Esq.
Neil Greenblum, Esq.
Paul A. Braier, Esq.
Greenblum & Bernstein P.L.C.
1950 Roland Clarke Place
Reston, VA 20191-1141

*Attorneys for Defendants/ Counterclaim Plaintiffs, Gator Pharmaceuticals, Inc. and KVK-Tech, Inc.*

*/s/ John P. Marino*
John P. Marino