**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**BRAINTREE LABORATORIES, INC.**
       **Plaintiff,**

  v.                                              Case No. 3:13-cv-389-J-32MCR

**GATOR PHARMACEUTICALS, INC./KVK TECH, INC.**
       **Defendants.**

## CASE MANAGEMENT REPORT

The parties have met and conferred.  Plaintiff Braintree Laboratories, Inc. ("Braintree") proposes the following pretrial dates.  Defendants Gator Pharmaceuticals, Inc. ("Gator") and KVK Tech, Inc. ("KVK") however, believe the case should be stayed pending the appeal of *Braintree Laboratories, Inc. v. Novel Laboratories, Inc.*, Appeal No. 2013-1438, to the Federal Circuit, as set forth in Section VI below (a Motion to Stay will be filed shortly).  If the case is not stayed the parties agree to the following discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| **DEADLINE OR EVENT** | **AGREED DATE** |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1))**<br>[Court recommends 30 days after CMR meeting] | January 7, 2014 |
| **Certificate of Interested Persons and Corporate Disclosure Statement**<br>[all parties are directed to complete and file the attached] | Plaintiff: filed on April 24, 2013;<br><br>Defendant: filed on October 16, 2013 |

| | |
|---|---|
| **Motions to Add Parties or to Amend Pleadings** | April 30, 2014 |
| **Disclosure of Expert Reports**<br>Plaintiff:<br>Defendant: | Affirmative Reports: June 20, 2014<br><br>Responsive Expert Reports: July 11, 2014<br><br>Reply Expert Reports: July 24, 2014 |
| **Discovery Deadline**<br>[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | Fact Discovery: May 30, 2014<br><br>Expert Discovery: August 29, 2014 |
| **Dispositive and <u>Daubert</u> Motions**<br>[Court requires 4 months or more before trial term begins] | November 14, 2014 |
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term **must not** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived).  Trials before the District Judge will generally be set on a rolling trial term toward the beginning of each month, with a Final Pretrial Conference to be set by the Court the preceding month.  If the parties consent to trial before the Magistrate Judge, they will be set for a date certain after consultation with the parties] | May, 2015 |
| **Estimated Length of Trial**  [trial days] | 5 days |
| **Jury / Non-Jury** | Non-Jury |

| | |
|---|---|
| **Mediation** Deadline:<br><br>Mediator:<br>Address:<br>Telephone:<br><br>[Mediation is <u>mandatory</u> in most Track Two cases; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline; if the parties do not so designate, the Court will designate the mediator and the deadline for mediation. A list of certified mediators is available on the Court's website and from the Clerk's Office.] | Deadline: October 3, 2014<br><br>The parties agree to Mr. Rodney Max as the mediator. |
| **All Parties Consent to Proceed Before Magistrate Judge** If yes, the parties shall complete and <u>all</u> counsel and/or unrepresented parties shall execute the attached Form AO-85. | Yes_____   No_X___ |

## I.     Meeting of Parties

Lead counsel shall meet in person or, upon agreement of all parties, by telephone. (If all parties agree to conduct the case management conference by telephone, they may do so without filing a motion with the Court.)  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a telephone conference was held on __October 28, 2013__ (date) at _3PM_ (time) and was attended by:

<u>Name</u>                                                                        <u>Counsel for (if applicable)</u>

John Regan, Christopher Noyes, Jennifer Brown                    Braintree

Branko Pejic, Paul Brier                                                           Gator and KVK.

The parties also continued the case management conference via emails exchanged on November 7, 8, and 15, and December 3, 12, 17, 18, and 19, 2013, and telephone conferences on December 4 and 18, 2013.

## II. Preliminary Pretrial Conference

Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are **mandatory in Track Three cases.**

**Track Two cases:** Parties (check one) [X] request [_____] do not request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include: Motion to Stay.

## III. Pre-Discovery Initial Disclosures of Core Information

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

The parties (check one) [____] have exchanged [_X_] agree to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) on or by January 7, 2014.

## IV. Agreed Discovery Plan for Plaintiffs and Defendants

### A. Certificate of Interested Persons and Corporate Disclosure Statement

This Court makes an active effort to screen every case in order to identify parties and interested corporations in which the assigned judge may be a shareholder, as well as for other matters that might require consideration of recusal. Therefore, each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee shall file and serve within **fourteen (14) days** from that party's first appearance a Certificate of Interested Persons and Corporate Disclosure Statement using the attached mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. All papers, including emergency motions, are subject to being denied or stricken unless the filing party has

previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so **immediately**.  Each party has a continuing obligation to file and serve an amended Certificate of Interested Persons and Corporate Disclosure Statement within eleven days of 1) discovering any ground for amendment, including notice of case reassignment to a different judicial officer; or 2) discovering any ground for recusal or disqualification of a judicial officer.  A party should not routinely list an assigned district judge or magistrate judge as an "interested person" absent some non-judicial interest.

### B. Discovery Plan/Deadline

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette. See Local Rule 3.03 (e). In propounding and responding to discovery, the parties are directed to consult and comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, and the Middle District of Florida's Discovery Handbook.  Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.  In addition, the parties agree as follows:

**Discovery:**  The parties anticipate pursuing discovery through requests for admission, requests for production, written interrogatories, and depositions.  The parties shall propound all interrogatories and requests for production no later than March 28, 2014. The parties shall respond to all written discovery requests no later than April 21, 2014. All discovery shall proceed and continue in such a manner as will assure that all requests

for, and responses to discovery will be noticed, served and completed no later than May 30, 2014.  Each party shall propound no more than 25 interrogatories, including subparts. Each party may take up to 10 depositions, exclusive of expert witnesses. Each deposition is limited to one day of seven hours.

**Infringement and Invalidity Contentions:**

    1.  Braintree will serve Disclosure of Asserted Patent Claims by January 16, 2014.

    2.   Braintree will serve Infringement Contentions, and Gator/KVK will serve    Invalidity Contentions on January 29, 2014.

    3.  Braintree and Gator/KVK will serve responsive contentions on February 13, 2014.

**Claim Construction**: The parties shall adhere for the following Claim Construction deadlines:

    a.  Exchange list of claim terms to be construed:   February 20, 2014

    b.  Meet and confer to limit claim terms:    February 27, 2014

    c.  Exchange Preliminary Claim Constructions, including evidence to support the constructions:  March 19, 2014

    d.  Meet and confer to narrow claim construction disputes:  March 25, 2014

    e.  Submit Joint Claim Construction and Prehearing Statement: April 9, 2014

    f. Submit opening Markman Briefs: July 17, 2014, or 30 days after the U.S. Court of Appeals for the Federal Circuit rules on the appeal in *Braintree Laboratories, Inc. v. Novel Laboratories, Inc.*, Appeal No. 2013-1438 (*see* below, Section VI), whichever is later.

    e. Submit responsive Markman Briefs:  August 14, 2014, or 30 days after the parties submit opening Markman Briefs, whichever is later.

    f.  Markman Hearing: Within two weeks of submission of responsive

>Markman briefs, counsel will confer and propose a schedule, length and format for a Markman hearing.

### C.     Confidentiality Agreements/Motions to File Under Seal

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon motion and order entered under Local Rule 1.09.

The parties may reach their own agreement (without Court endorsement) regarding the designation of materials as "confidential."  The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce appropriate stipulated and signed confidentiality agreements.  See Local Rule 4.15.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."  With respect to confidentiality agreements, the parties agree as follows:

>The parties agree to negotiate a Stipulated Confidentiality Agreement.  The parties further agree that they will cooperate and seek to file confidential documents under seal, as appropriate, pursuant to the governing Local Rules.

### D.     Disclosure or Discovery of Electronically Stored Information and Assertion of Claims of Privilege

Pursuant to Fed.R.Civ.P. 26(f)(3), the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

**Search and Review**:

The parties agree to meet and confer to agree upon lists of search terms and custodians for purposes of performing searches of electronically stored information.

**Form of Production:**

The parties agree to produce documents on DVDs or hard drives in the following format: single-page 300dpi CCITT Group IV black and white TIFFS, with a load file reflecting the appropriate page breaks. Documents will be provided with (1) a Concordance delimited dat file (where the first line in the dat file contains the field tags) and (2) an Opticon delimited file.

The parties agree to provide, with each document, a document-level text file. The text of native files should be extracted directly from the native file. Each text file will be named using its corresponding image files. Documents for which text cannot be extracted will be produced with OCR (when possible). The parties agree that with respect to documents containing redacted text, no text will be provided for the redacted portion.

The parties agree to provide the following metadata fields, if they exist, for all documents: bates begin, bates end, attachment range, custodian, and all custodians. The parties also agree to provide the following metadata for e-mail, as applicable and available: date sent, to, from, CC, BCC, and subject. For non-email documents, the parties agree to provide the last modified data, if available. Metadata pertaining to date will be provided based on Eastern Standard Time.

The parties agree that no documents will be produced in color or in native format. The parties agree to meet and confer in good faith if either party believes that production in color or production of native files is required for a particular document or set of documents.

The parties agree that project-level de-duplication of electronic productions will be applied (and an All Custodians metadata field provided).

**Privileged Material:**

The parties agree to meet and confer to address the nature and scope of privileges that the producing party believes applies to the discovery materials requested.

The parties agree that privilege logs need not identify privileged communications or work product generated after the date of the Paragraph IV letter of Gator/KVK (March 6, 2013), even if such communications or work product are otherwise responsive. Defendants Gator and KVK agree that Braintree shall not be required to identify responsive, privileged communications or work product relating to its Novel, Paddock, Cypress, and Amrutham litigations on the privilege log. By offering this compromise, Gator/KVK does not agree that materials from the Novel litigation are irrelevant and not subject to discovery herein, and reserves the right to seek such materials in discovery. The parties agree to serve the privilege log(s) on a rolling basis, but in no event shall a party serve a privilege log less than thirty (30) days prior to the end of fact discovery.

The parties have agreed that the inadvertent or unintentional disclosure of a document or thing protected by privilege or work-product immunity shall not be deemed a waiver in whole or in part of a party's claim of privilege or work product immunity, either as to the specific information, document, or thing disclosed, or as to any other

material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom that material was disclosed that the material is privileged or subject to work product immunity. The receiving party's treatment of such material shall be in accordance with FRCP 26(b)(5)(B).

**V.    Experts:**

The protections provided by Federal Rule of Civil Procedure 26(b)(4) relating to experts apply to this litigation. Communications between an expert and a party as well as between an expert and a party's attorney shall not be subject to discovery; and no notes or other types of preliminary work, e.g. draft reports and the like, created by or for an expert will be the subject of discovery or inquiry at trial.

Notwithstanding the foregoing, all documents provided or made known to an expert, other than those generated for the purpose of litigation and/or for the purpose of communicating with the expert, which are relied upon by the expert in providing his or her opinion (whether or not they support the opinion), are discoverable and may be the subject of questioning at deposition and trial.

**VI.    Mediation**

Absent a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web

site at www.flmd.uscourts.gov. If the parties do not so designate, the Court will designate the mediator and the deadline for mediation.

### VII. Requests for Special Handling

Requests for special consideration or handling (requests may be joint or unilateral):

Since March 2011, Plaintiff Braintree has been involved in litigation involving the same patent-in-suit, U.S. Patent No. 6,946,149 ("the '149 patent"), and reference drug, SUPREP® Bowel Prep Kit, against Novel Laboratories, Inc. ("Novel") (*Braintree Laboratories, Inc. v. Novel Laboratories, Inc.*, Civil Action No. 11-1341 (PGS) (D.N.J.)). In that litigation, U.S. District Judge Peter G. Sheridan of the United States District Court for the District of New Jersey issued a claim construction order construing certain claim terms in the '149 patent. Judge Sheridan also entered summary judgment of infringement against Novel's proposed generic copy of SUPREP, and, after a 6-day trial, ruled that Novel had failed to prove the '149 patent invalid by clear and convincing evidence. Novel has appealed those decisions to the United States Court of Appeals for the Federal Circuit (*Braintree Laboratories, Inc. v. Novel Laboratories, Inc.*, Appeal No. 2013-1438). The briefing in Novel's appeal was completed on November 8, 2013, and oral argument is set for February 4, 2014.

The parties in this action believe that the Federal Circuit's ruling on Novel's appeal will be relevant to the claims and defenses in this litigation. Defendants Gator/KVK Tech believe that the case should be stayed pending the Federal Circuit's ruling on the Novel appeal. Defendants will timely be filing a Motion to Stay. Upon issuance of a decision by the Federal Circuit, the parties will advise the Court and file any appropriate motions, including dispositive motions.

Dated:  December 23, 2013.

Respectfully submitted,

| | |
|---|---|
| */s/ John P. Marino* | */s/ Christopher J. Mueller* |
| John P. Marino | Christopher J. Mueller |
| Florida Bar No.: 0814539 | Florida Bar No. 0015536 |
| SMITH, GAMBRELL & RUSSELL, LLP | Reed W. Grimm |
| Trial Counsel | Florida Bar No. 602353 |
| 50 North Laura Street, Suite 2600 | TAYLOR, DAY, GRIMM & BOYD |
| Jacksonville, FL 32202 | 50 N Laura St., Suite 3500 |
| Telephone: (904) 598-6104 | Jacksonville, FL 32202 |
| Facsimile: (904) 598-6204 | Telephone: (904) 356-0700 |
| Email: jmarino@sgrlaw.com | Facsimile: (904) 356-3224 |
| | Email: cjm@taylordaylaw.com |
| and | rwg@taylordaylaw.com |
| John J. Regan (*admitted pro hac vice*) | and |
| Jennifer Brown (*admitted pro hac vice*) | |
| WILMER CUTLER PICKERING | P. Branko Pejic (*admitted pro hac vice*) |
|   HALE and DORR LLP | Neil Greenblum *(admitted pro hac vice)* |
| 60 State Street | Paul A. Braier, Ph.D. |
| Boston, MA 02109 | Greenblum & Bernstein P.L.C. |
| Telephone: (617) 526-6000 | 1950 Roland Clarke Place |
| Facsimile: (617) 526-5000 | Reston, VA 20191-1141 |
| Email: john.regan@wilmerhale.com | Telephone: (703) 716-1191 |
| Email: jennifer.brown@wilmerhale.com | |
| | *Attorneys for Defendants, Gator* |
| Christopher R. Noyes (*admitted pro hac vice*) | *Pharmaceuticals, Inc. and KVK-Tech, Inc.* |
| WILMER CUTLER PICKERING | |
|   HALE and DORR LLP | |
| 7 World Trade Center | |
| 250 Greenwich Street | |
| New York, NY 10007 | |
| Telephone: (212) 230-8800 | |
| Facsimile:  (212) 230-8888 | |
| Email: christopher.noyes@wilmerhale.com | |

*Attorneys for Plaintiff*
*Braintree Laboratories, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 23, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is also being furnished to counsel of record as identified below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing via the CM/ECF system:

| | |
|---|---|
| Christopher J. Mueller, Esq. | P. Branko Pejic, Esq. |
| Reed W. Grimm, Esq. | Neil Greenblum, Esq. |
| cjm@taylordaylaw.com | Paul A. Braier |
| rwg@taylordaylaw.com | Greenblum & Bernstein P.L.C. |
| Taylor, Day, Grimm & Boyd | 1950 Roland Clarke Place |
| 50 N Laura St., Suite 3500 | Reston, VA 20191-1141 |
| Jacksonville, FL 32202 | |

*/s/ John P. Marino*
John P. Marino